Ronald MOORE, Plaintiff-Appellee,

v.

MILLENNIUM ACQUISITIONS, LLC;
Timeless Investments, Inc., dba Arco
AM/PM #83176, Defendants-Appellants.

No. 16-15531

United States Court of Appeals,
Ninth Circuit.

Submitted January 8, 2018 * San
Francisco, California

Filed January 12, 2018

Tanya Eugene Moore, Mission Law
Firm, A.P.C., San Jose, CA, for Plaintiff-
Appellee

H. Ty Kharazi, Attorney, Yarra, Kharazi
& Associates, Fresno, CA, for Defendants-
Appellants

Before: WALLACE, RAWLINSON,
and WATFORD, Circuit Judges.

MEMORANDUM **

1. We dismiss in part Millennium Acqui-
sitions, LLC's appeal as to the Americans
with Disabilities Act (ADA) claim, vacate
the district court's judgment as to that
claim, and instruct the district court on
remand to dissolve the injunction. While

this appeal was pending, Millennium sold
the ARCO gas station at which Ronald
Moore alleges he encountered architectur-
al features that did not comply with the
ADA. The gas station is no longer opera-
tional and is currently being dismantled.
Accordingly, Moore's ADA claim is moot
because he cannot show it is likely that he
will be confronted with the alleged barri-
ers in the future. See City of Los Angeles
v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660,
75 L.Ed.2d 675 (1983).

Contrary to Moore's argument, the fact
that Millennium has the option to repur-
chase the property in the future is irrele-
vant. Millennium ultimately may never ex-
ercise this option. Even if it does, the
existing facilities, including the architec-
tural barriers Moore alleges he encoun-
tered, likely will have been destroyed.

The sale and closure of the gas station
does not moot Moore's claim for statutory
damages under the California Unruh Civil
Rights Act, however, so we address that
claim on the merits.

2. The district court properly granted
summary judgment to Moore on his Unruh
Act claim. There is no material factual
dispute that Moore is disabled within the
meaning of the ADA. Moore has produced
evidence establishing that he suffers from
hydrocephalus, degenerative disc disease,
and chronic pain syndrome. He states in
his declaration that he nearly always uses
a wheelchair because his impairments
make walking painful and create the risk
of falling. This evidence establishes that
Moore is disabled under the ADA because
he suffers from physical conditions that
substantially limit his mobility. Coons v.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

486

*Secretary of U.S. Department of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

The evidence on which Millennium relies is not to the contrary. Millennium points to surveillance footage showing Moore walking short distances and a declaration from Dr. Miller, a physician who once treated Moore, indicating that Moore's wheelchair is not "medically necessary." But Moore does not dispute that he is capable of walking unassisted. Rather, he maintains that he uses a wheelchair because walking unaided is painful and difficult. Evidence that Moore physically can walk but chooses to use a wheelchair as a mobility aid does not raise a material factual dispute as to whether Moore is disabled under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 641, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). Nor does the fact the Moore owns a motorcycle create a dispute of material fact, as there is no evidence Moore has actually used the motorcycle since the onset of his impairments.

There is no issue of material fact as to whether Moore personally encountered barriers at the gas station. Moore testified that he visited the gas station on April 6, 2014, and encountered several barriers that prevented his full access. Millennium's evidence that employees do not remember seeing Moore is not sufficiently probative to dispute Moore's testimony that he visited the gas station on that date.

Millennium's motion to take judicial notice (Docket Entry 12) is GRANTED. Its motion requesting leave to transmit physical exhibits (Docket Entry 20) is GRANTED. Its motion to dismiss for lack of jurisdiction (Docket Entry 42) is GRANTED in part and DENIED in part.

* The panel unanimously concludes this case is suitable for decision without oral argument.

DISMISSED in part, AFFIRMED in part, and REMANDED with instructions.

The parties shall bear their own costs.